TANCREDI PAOLINO *vs.* UNCAS MANUFACTURING COMPANY.

JULY 27, 1951.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an action of the case in assumpsit which was heard by a justice of the superior court sitting without a jury. He rendered a decision for the plaintiff in the sum of $3,370.36 and the case is before us on defendant's exception to such decision.

The declaration is in the common counts. Defendant filed thereto a plea of the general issue. In compliance with an order, plaintiff filed a bill of particulars in which he set forth that he was employed yearly by the defendant, from June 30, 1943 to June 30, 1944, as personnel manager and as assistant superintendent with the agreement that at the end of the year of employment he would receive a bonus equal to the total weekly amount paid him during that period, which he asserted to be $3,420, with interest thereon to November 3, 1948, a total of $4,310.13.

The evidence for the plaintiff was to the effect that he had been employed by defendant for about ten years; that in 1940 he was made assistant superintendent; that thereafter by agreement with defendant he was to receive a yearly bonus equal to the salary he had received during the year; that the bonuses were usually paid at Christmas time; that he received such bonuses for 1942 and 1943 but none for 1944; that in April 1944 he started in business for himself but remained in the employ of defendant in an advisory capacity until sometime in July of that year; that during the year 1944 he received $1,860 for his services up to the time he finally severed his connection with the company; and that the amount due him for the year 1944 is $3,420.

Plaintiff called as a witness Arthur S. Reinherz, secretary and assistant treasurer of the defendant company, who testified that plaintiff was on the company's payroll from January 1, 1944 to July 29, 1944 at a salary of $60 per week; that in 1941 he had been paid $4,860.63, of which

amount $2,860.63 had been paid as salary and $2,000 as bonus; that in 1942 he had received $6,645, of which $3,145 was salary and $3,500 bonus; that in 1943 he had also received $6,645, of which $3,145 was salary and $3,500 bonus; that from July 1, 1943 to July 31, 1944 he had received a total salary of $3,300; and that it appeared from the company records that during that period deductions had been made from plaintiff's salary for federal old age assistance, unemployment compensation, bond deductions and income tax.

The president of the defendant corporation, who is the father-in-law of the plaintiff, testified that he had never made any agreement with plaintiff or any other executive for the payment of a bonus, but that such payments were discretionary with the company; that plaintiff had performed no services after April 1, 1944 although the records showed payments of salary to plaintiff up to July; that such payments in cash were made weekly to his daughter, plaintiff's wife, but appear as payments to plaintiff in the company records and returns; and that the company's fiscal year ran from July 1 to June 30. The plaintiff later presented no evidence contradicting this testimony by defendant's president as to particular payments after April 1, 1944.

The defendant argues that plaintiff is bound by his bill of particulars, which stated that he had been employed as assistant superintendent and personnel manager for a year, whereas plaintiff's own testimony shows that he did not complete the year in such capacity, but that after April 1, 1944 he was employed merely as adviser or consultant. We agree with defendant's contention. Where a bill of particulars has been filed the characterization of the transaction and other items therein are binding on the party furnishing the bill and his proof is limited and restricted thereby. *Gorton* v. *Johnson,* 23 R. I. 138; *Star Braiding Co.* v. *Stienen Dyeing Co.,* 44 R. I. 8; *Siravo* v. *C. J. Ehrlich, Inc.,* 60 R. I. 150.

446

In our opinion the proof adduced by plaintiff does not support his claim as set out in the bill of particulars. He asserts therein that he "was employed *yearly*, from June 30, 1943 to *June 30, 1944, as personnel manager and as assistant superintendent,* with the agreement that at the end of the *year of employment* he would receive a bonus equal to the total weekly amount paid him." (italics ours) On his own testimony he did not remain for the full year in his capacity as personnel manager and assistant superintendent, but voluntarily withdrew on April 1, 1944 to establish his own business.

Although he testified that he was employed thereafter in an advisory capacity until July and the records of the company indicate that he was paid a salary until that date, that performance was not "as personnel manager and as assistant superintendent" as stated in the bill of particulars. The evidence clearly shows that plaintiff breached his part of the alleged agreement to serve for the full fiscal year as personnel manager and assistant superintendent. And there is no evidence in the record that when plaintiff started his own business on April 1, 1944 a new agreement was entered into between the parties to the effect that his services as adviser or consultant should be considered as a compliance with the requirement of the original agreement that he should serve for a full year as personnel manager and assistant superintendent.

In these circumstances, since plaintiff's claim was based on an express agreement as stated in the bill of particulars, he would not be entitled to recover for services performed on some other basis unless he alleged and proved that recovery on such basis was a part of the terms of the original agreement or that a new agreement to that effect had been entered into by the parties. There was no evidence to support either of such claims. In our judgment it was error on the part of the trial justice to enter a decision for the plaintiff.

The defendant's exception is sustained, and on October 1,

1951 the plaintiff may appear before this court and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

## ON ORDER TO SHOW CAUSE
### OCTOBER 26, 1951.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the plaintiff through his attorney appeared to show cause why the case should not be remitted to the superior court for entry of judgment for the defendant as therein directed. At that time he presented reasons in support of his contention that the verdict should be sustained.

Upon consideration we are of the opinion that no sufficient cause has been shown to change our conclusion as to the narrow issue therein presented and decided, and the case is remitted to the superior court for entry of judgment for the defendant as directed in the opinion.

*Joseph H. Coen, A. Louis Rosenstein,* for plaintiff.
*Alfred G. Chaffee, Arthur H. Feiner,* for defendant.